VIOLA ALLEN, ETC., *v.* RANDLE & TYLER.

**Bills and Notes—Assignment—Possession Prima Facie Evidence of Ownership—Burden of Proof.**

Filing the evidence of a debt, a note, with the petition without the assignment of the payee therein by the plaintiff, he having the possession and making the averment that he was the owner, is prima facie evidence of his right to the debt, and puts the onus on the defendant, if he questions the right of the plaintiff, and the evidence of the debt being filed becomes a part of the record.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 13, 1871.

OPINION BY JUDGE PETERS:

The first objection taken to the chancellor's judgment is that, as the answer of the guardian *ad litem* put in issue the fact of assignment of the claims sued on to appellees, and there was no proof of that fact, the petition should have been dismissed.

The assignors of appellee were made defendants to the petition; the greater part of them answered and swore to their answers in person, admitting the assignments as alleged; that would certainly bar them in any action they might bring for the same cause against appellants.

Appellee produced and filed with their petition the notes not reduced to judgments, and proved the signatures thereto to be in the handwriting of decedent, and they also produced and filed therewith copies of the debts reduced to judgments with assignments thereon, and this court has held that the filing the evidence of a debt, a note, with the petition without the as-

signment of the payee therein by the plaintiff, he having the possession and making the averment that he was the owner, is *prima facie* evidence of his right to the debt, and puts the onus on the defendant if his right is questioned by him, and the evidence of the debt being filed becomes part of the record. On that account, therefore, we see no objection to the judgment. In this view of the case it did not devolve on appellees to offer any other evidence; but if they had been required to do so, the answers of the defendants, their assignors, would have been wholly insufficient for such a purpose.

*Section* 142, *Civ. Co.,* provides that every pleading must be subscribed by the party filing the same, or his attorney, and the petition, answer and reply must be verified by the affidavit of the parties, etc. The answer of North and Scott is not signed by them, but the affidavit is signed by Lauderdale, who swears that they were both absent from the state, that he is their attorney and he believes the statements in the answer to be true. We see no reason why the signature of the party to the affidavit is not a sufficient signing and a compliance with the code *supra*. But if the verification were insufficient, or the answer not properly signed, it is too late after judgment to object. *Section* 165, *Civil Code*. But we understand these objections to be made because the court below regarded these answers as evidence of the respective assignments alleged to have been made by said defendants. But even if they were so regarded, the possession of the claims and filing them with the petition were sufficient *prima facie* until rebutted by evidence of appellants; these observations apply to all the answers in the same condition. As to the main question it is true the debts sued for have been outstanding for a considerable length of time; but as rebutting the presumption of payment arising from the lapse of time a number of the creditors of Allen had reduced their debts to judgment, and execution thereon had been officially returned, no property found, and within a few years after those returns were made Allen left the State of Kentucky. Matheny proves that he removed to Memphis, Tenn., in 1862, and from there he removed to New Albany, Indiana, where he resided up to his death, staying a part of the time in Portland, Kentucky, and died in August, 1867, and this suit was brought

in September, 1868. Under these circumstances, and the condition of the country during the greater part of the time of his absence, which courts must judicially recognize, overcome the presumption of payment that otherwise might arise from the lapse of time. If Matheny had specifically stated how and where Allen got the money which he represented as his children's money, where the property was that was sold, and the amount, it would have been satisfactory; but although he is the uncle of the appellant, the brother of their mother, and must be presumed to have known the amount, or proximate amount of estate they derived from that source, if any, he evidently bases his conclusion that the money paid for the property was the money of appellants on the statements of their father, and does not attempt to explain such facts as are necessary to establish their claim to the property when other facts proved are considered; the insolvency of their father, his statements to some of the witnesses that he had money, but he did not intend that his creditors should get any of it, and his statement to Arnold that he desired the deed made to him for life remainder to his children to prevent his wife from deriving any benefit from the property, not then pretending that the money was appellant's. Nor do we think that the mere fact that Landrum and Brother took two notes from Allen some years after they had recovered a judgment against him sufficient evidence of itself that he had satisfied the judgment, although no execution seems to have been sued out by them. If they had been in satisfaction in part, or in whole of said judgment, it is presumable that the fact would have been expressed in the notes.

We can not, from all the facts developed in this record, conclude that the court below erred.

Wherefore the judgment is affirmed.

*Cladwell, Gibson, for appellant.*

*Beattie, for appellee.*